UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    PAUL J. SIEGEL, ESQ.
    JOHN J. PORTA, ESQ.

-------------------------------------------------------------X

AURORA GALANTE and KEVIN JOHNS,

                                    Plaintiffs,

          -against-

SUPPORT CLAIM SERVICES, INC,

                                    Defendant.

-------------------------------------------------------------X

Civ. No.:  09Civ.-11-2312
(SJF)(WDW)

**DEFENDANT'S ANSWER
TO PLAINTIFFS'
AMENDED COMPLAINT**

TO:    ANDREW T. MILTENBERG, ESQ.
       MEGAN S. GODDARD, ESQ.
       NESENOFF & MILTENBERG, LLP
       *ATTORNEYS FOR PLAINTIFFS*
       363 Seventh Avenue, Fifth Floor
       New York, New York 10001
       (212) 736-4500

          Defendant, SUPPORT CLAIM SERVICES, INC. (hereinafter referred to as "Defendant" or "SCS") by and through its undersigned attorneys, in response to the allegations in Plaintiffs' Amended Complaint, states as follows:

## AS TO "THE PARTIES"

          1.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Amended Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint, except admits Defendant is incorporated in New York, maintains its principal place of business at 125 Baylis Road, Suite 290, Melville, New York 11747, is engaged in the business of coordinating independent medical examinations, peer reviews and reviewing the resulting reports.

4.      Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint, except admits that Arthur Rogen has the title of Chief Executive Officer.

5.      Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint, except admits Jennifer Rogen Dagan is the daughter of Arthur Dagan, Jennifer Rogen Dagan is married to Eitan Dagan; and, Eitan Dagan is Defendant's Chief Operating Officer.

6.      Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint.

## AS TO "JURISDICTION AND VENUE"

9.      Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint.

2

11.     Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

## AS TO "PROCEDURAL REQUIREMENTS"

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Amended Complaint.

## AS TO "STATEMENT OF THE CASE"

17.     Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

15. [misnumbered herein as paragraph 15] Defendant denies the allegations contained in Paragraph 15 [misnumbered] of the Amended Complaint.

## AS TO "FACTUAL BACKGROUND"

18.     Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Since a conclusion of law, rather than a factual allegation, is stated, Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

3

20.     Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff Galante's present educational status.

21.     Since a conclusion of law, rather than a factual allegation, is stated, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Amended Complaint.

## AS TO "OPERATIVE FACTS PLAINTIFF GALANTE IS HIRED BY DEFENDANT SCS"

22.     Defendant denies the allegations contained in Paragraph 22 the Amended Complaint.

23.     Defendant admits the allegations contained in Paragraph 23 of the Amended Complaint.

## AS TO "PLAINTIFF GALANTE RECEIVES EXTREMELY POSITIVE ACCOLADES AND A SERIES OF RAISES AND PROMOTIONS"

24.     Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

## AS TO "PLAINTIFF GALANTE IS ASSIGNED AND TAKES ON MANAGERIAL TASKS, INCLUDING TRAINING DUTIES"

27.     Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

4

28.    Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

### AS TO "PLAINTIFF GALANTE IS CHOSEN AS THE 'QUALITY COMMITTEE MANAGER'"

29.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Amended Complaint, except admits that Defendant took steps to obtain URAC certification in 2009.

30.    Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.    Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.    Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.    Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

### AS TO "PLAINTIFF GALANTE IS OFFERED THE ASSISTANT MANAGER'S ROLE"

34.    Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

### AS TO "DEFENDANTS DISCOVER [sic] THAT PLAINTIFF GALANTE IS PREGNANT"

35.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Amended Complaint, except admits Plaintiff Galante notified Jennifer Dagan, Teddy Vazquez and Stewart Rosen that she was pregnant.

5

36.     Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Amended Complaint.

## AS TO "DEFENDANT ADVISES PLAINTIFF GALANTE THAT SHE CANNOT BE THE ASSISTANT MANAGER BECAUSE SHE IS PREGNANT"

43.     Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint

44.     Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

## AS TO "DEFENDANT FILLS THE ASSISTANT MANAGER ROLE WITH AN UNQUALIFIED REPLACEMENT"

45.     Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.    Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.    Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint.

## AS TO "PLAINTIFF GALANTE COMPLAINS ABOUT THE ADVERSE EMPLOYMENT ACTIONS"

48.    Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.    Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

## AS TO "DEFENDANTS TREAT PLAINTIFF GALANTE HOSTILELY AND AGAIN ADMIT THAT HER PREGNANCY IS THE ONLY REASON FOR THE ADVERSE EMPLOYMENT DECISION"

50.    Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.    Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.    Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint.

## AS TO "MANAGER VAZQUEZ ASSAULTS PLAINTIFF GALANTE DURING THE MEETING AND ATTEMPTS TO CREATE PRETEXTUAL REASONS FOR THE ADVERSE EMPLOYMENT DECISION"

53.    Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint.

## AS TO "CEO ROGEN CONFIRMS THAT THE ADVERSE EMPLOYMENT DECISION IS DUE TO PLAINTIFF GALANTE'S PREGNANCY"

57.     Defendant denies the allegations contained in Paragraph 57 of the Amended Complaint.

## AS TO "PLAINTIFF GALANTE SUFFERS PREGNANCY RELATED HEALTH ISSUE"

58.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendant admits the allegations contained in Paragraph 67 of the Amended Complaint.

## AS TO "DEFENDANTS VIOLATE HIPPA [sic] AND EMPLOYEE PRIVACY BY REVEALING EMPLOYEE HEALTH INFORMATION"

68.     Defendant denies knowledge or information sufficient form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Amended Complaint.

## AS TO "DEFENDANT SCS THREATENS TO DROP PLAINTIFF GALANTE FROM COBRA"

71.     Defendant denies the allegations contained in Paragraph 71 of the Amended Complaint.

## AS TO "DEFENDANTS TRY TO FORCE PLAINTIFF GALANTE'S RESIGNATION"

72.     Defendant denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Amended Complaint.

9

74.     Defendant admits the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Amended Complaint.

## AS TO "DEFENDANTS AGAIN VIOLATE HIPPA [sic] AND PRIVACY LAWS"

76.     Defendant denies the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Amended Complaint.

## AS TO "DEFENDANTS FIRE PLAINTIFF GALANTE FOR TAKING DISABILITY"

79.     Defendant denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Amended Complaint, except admits Plaintiff Galante was eligible for COBRA benefits.

85.     Defendant denies the allegations contained in Paragraph 85 of the Amended Complaint.

## AS TO "DEFENDANT REVEALS PLAINTIFF GALANTE'S HEALTH INFORMATION AGAIN"

86.     Defendant denies the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Amended Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the Amended Complaint.

## AS TO "DEFENDANT SCS RETALIATES AGAINST PLAINTIFF JOHNS AND CONSTRUCTIVELY DISCHARGE HIM"

90.     Defendant denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Amended Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the Amended Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the Amended Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Amended Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Amended Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Amended Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Amended Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of the Amended Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Amended Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Amended Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Amended Complaint.

## AS TO "AS AND FOR A FIRST CAUSE OF ACTION"

102. Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 101 of the Amended Complaint, as though set forth fully herein, and denies each and every allegation not admitted unequivocally hereinabove.

103.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 103 of the Amended Complaint.

104.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 104 of the Amended Complaint.

105.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 107 of the Amended Complaint.

108.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 108 of the Amended Complaint.

### AS TO "AS AND FOR A SECOND CAUSE OF ACTION"

109.    Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 108 of the Amended Complaint, as though set forth fully herein, and denies each and every allegation not admitted unequivocally hereinabove.

13

110.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 110 of the Amended Complaint.

111.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 112 of the Amended Complaint.

113.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 113 of the Amended Complaint.

114.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 115 of the Amended Complaint.

## AS TO "AS AND FOR A THIRD CAUSE OF ACTION"

116.    Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 115 of the Amended Complaint, as though set forth fully herein, and denies each and every allegation not admitted unequivocally hereinabove.

14

117.     Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 117 of the Amended Complaint.

118.     Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 118 of the Amended Complaint.

119.     Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 119 of the Amended Complaint.

120.     Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 120 of the Amended Complaint.

121.     Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 121 of the Amended Complaint.

122.     Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 122 of the Amended Complaint.

## AS TO "AS AND FOR A FOURTH CAUSE OF ACTION"

123.     Defendant repeats, reiterates and realleges each and every denial, admission or other response to the allegations contained in paragraphs 1 through 122 of the Amended Complaint, as though set forth fully herein, and denies each and every allegation not admitted unequivocally hereinabove.

15

124.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 127 of the Amended Complaint.

128.    Since a legal conclusion is asserted, rather than a factual allegation, no answer is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 128 of the Amended Complaint.

## AS TO "PRAYER FOR RELIEF"

With respect to the allegations, claims and other allegations set forth in the "**WHEREFORE**" section, Defendant denies each and every allegation, claim and other contention set forth therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

16

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint, in whole or in part, should be dismissed for failure to state a claim upon which relief could be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

To the extent either or both Plaintiffs have failed to make diligent and good faith efforts to mitigate purported damages, any relief awarded must be dismissed or reduced, in whole or in part.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Even if it were shown that either Plaintiff's gender, pregnancy status, affiliation with someone who filed a claim of discrimination, or any other legally protected characteristic were the subject of any action, Defendant would have taken the same action(s) with respect to Plaintiffs without regard thereto and, as such, this Amended Complaint should be dismissed for failure to state a claim upon which relief could be granted and/or any relief to Plaintiffs should be limited or precluded.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Court should not exercise subject matter, pendent or supplemental jurisdiction over Plaintiffs' non-federal claims and, consequently, should dismiss Plaintiffs' claims under the New York City Human Rights Law for lack of subject matter jurisdiction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' federal discrimination claims under Title VII should be dismissed to the extent not asserted explicitly in the administrative charge(s) filed with the U.S. Equal Employment Opportunity Commission or to the extent Plaintiffs otherwise did not exhaust all administrative remedies.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Title VII are barred if they do not satisfy or exhaust statutory or jurisdictional prerequisites to suit.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs engaged in acts of misconduct prior to or during their employment with Defendant, which, if known, would have resulted in denial of employment to or termination of the employment of Plaintiffs, any relief awarded to Plaintiffs should be reduced, in whole or in part, because Plaintiffs engaged in such misconduct.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are compensable under the New York Workers' Compensation Law, those claims are barred by the exclusive remedy provision of said Law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because (a) Defendant exercised reasonable care to prevent and to correct promptly any alleged discriminatory or retaliatory conduct; and, (b) Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages and attorney's fees under the New York Human Rights Law should be stricken or dismissed because that Law does not provide for such remedies.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs elected an administrative remedy, claims under the New York Human Rights Law and the New York City Human Rights Law should be dismissed.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiffs' claims are subject to arbitration, then this action and claims therein should be stayed or dismissed and said action or claims should proceed to arbitration.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff Johns cannot establish that he was constructively discharged as a matter of law.

### AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff Johns cannot assert a third-party retaliation claim because he did not suffer an adverse employment action.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff Johns cannot assert a claim under Title VII because he never obtained a Right to Sue authorization from the U.S. Equal Employment Opportunity Commission.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Since all decisions with respect to Plaintiffs were made outside the City of New York and the impact thereof allegedly occurred outside the City of New York, the Amended Complaint fails to state a claim under the New York City Human Rights Law.

**WHEREFORE**, Defendant requests that the Court:

(a)      dismiss with prejudice Plaintiffs' Amended Complaint;

19

(b)     deny each and every demand, claim and prayer for relief contained in Plaintiffs' Amended Complaint;

(c)     award to Defendant reimbursement for their costs and attorneys' fees; and,

(d)     grant such other and further relief as the Court deems just and proper.


Dated: Melville, New York
        August 23, 2011


Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

By: _____
    Paul J. Siegel, Esq.
    John J. Porta, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August, 2011, Defendant's Answer to Plaintiffs' Amended Complaint was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

ANDREW T. MILTENBERG, ESQ.
MEGAN S. GODDARD, ESQ.
NESENOFF & MILTENBERG, LLP
*ATTORNEYS FOR PLAINTIFFS*
363 Seventh Avenue, Fifth Floor
New York, New York 10001

John J. Porta, Esq.

4843-3531-8282, v. 1

21